**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CRISPIN DE LA CRUZ,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-23-1703** |
| **GILBANE BUILDING** | * | |
| **COMPANY**, *et al.*, | * | |
| **Defendants.** | | |

**MEMORANDUM OPINION AND ORDER**

Crispin de la Cruz filed this action against his former employers, Gilbane Building Company ("Gilbane") and Elite Wall Systems LLC ("Elite"), claiming that Gilbane and Elite failed to pay him standard time pay and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Workplace Fraud Act ("MWFA"), Md. Code, Lab. & Empl. §§ 3-901 to 3-920, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509, the Maryland Prevailing Wage Law ("MPWL"), Md. Code, State Fin. & Proc. §§17-201 to 17-226, and Prince George's County Prevailing Wage Law, Prince George's Cnty., Md. Code of Ordinances subtitle 2, div. 14 (1979). *See* ECF 1. On July 31, 2023, the parties filed a joint motion for court approval of their settlement agreement. ECF 17. The Court finds the settlement amount and terms, including the payments to de la Cruz and attorneys' fees, are reasonable and fair in light of the facts of this case.

### I.  Background

De la Cuz worked for Gilbane and Elite as a non-exempt employee at all relevant times. ECF 1, ¶¶ 23, 24. He alleges both employers failed to pay his straight-time and overtime wages

in violation of local, state, and federal law.  *Id.* ¶ 7.  The Settlement Agreement ("Agreement") releases and discharges Gilbane, Elite, and their affiliates from "any wage and hour claims that [de la Cruz] may have . . . relating to [his] employment with Defendants, or [his] separation from employment with Defendants."  ECF 17-1, at 6.  The gross settlement amount of the Agreement is $78,043.00, which includes attorneys' fees and costs.  *Id.* at 3–4.

## II.    Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved.  However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013).  Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and

reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citations omitted). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1. *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* The parties dispute whether the defendant violated local, state, and federal law, and each side believes that its position is strong. *See* ECF 17, at 1. There is a *bona fide* dispute.

### 2. Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are applied here.

First, the parties engaged in informal discovery on June 29 and July 14. *See* ECF 17, at 2.

Second, the settlement was negotiated because the parties recognized that "the expense of litigating this matter would dwarf the settlement amounts." *Id.* The remaining litigation proceedings would require a significant investiment of time and effort and would be expensive for both sides.

Third, there is no evidence of fraud or collusion in the settlement. The parties exchanged informal discovery on their damage models on two separate days. *Id.* Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11). Their settlement agreement provides that de la Cruz will receive the maximum total damages and liquidated damages he would be entitled to under the FLSA and the Maryland statutes. ECF 17, at 2.

Fourth, the parties are represented by competent and experienced counsel. *See id.* De la Cruz's counsel are both expierenced in wage and hour litigation, with one having "litigated more than two dozen wage and hour cases." *Id.* at 3.

The fifth factor – the opinions of class counsel – is not relevant because this is an individual action, not a class action. *See Lomascolo*, 2009 WL 3094955, at *10.

Regarding the sixth factor, the parties agree that the $78,043.00 settlement amount, including $17,500.00 in attorneys' fees and costs, "provides [de la Cruz] with <u>all</u> the damages and liquidated damages he could possibly be entitled to under both the FLSA and the Maryland Wage Laws." ECF 17, at 2.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3. Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). The Agreement provides for attorneys' fees and costs of $ 17,500.00. *See* ECF 17. When the Court calculates an

award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez*, 838 F. Supp. 2d at 348. The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, de la Cruz's counsel agreed to accept $17,500 for fees and costs. *See* ECF 17. They did not submit to the Court their hourly rates or the number of hours they worked on the case. They did note that their fees were calculated using the rates in Appendix B of this Court's Local Rules, and that the rates they accept for settlement purposes are half of their customary rates. *Id.* at 3. They also note the amount of attorneys' fees in the Agreement does not include "a dozen hours of attorney time since June 29, 2023 finalizing the settlement, negotiating the settlement terms and drafting [the approval] motion." *Id.* The Court understands that the fees represent pre-suit investigation and preparation and informal discovery. In light of the work performed on the case and the hours of settlement work not included in the fee amount, the Court finds the attorneys' fees and costs are fair and reasonable.

## **ORDER**

For the reasons stated above, it is, this 23rd day of August, 2023, hereby ORDERED that

1. The joint motion for approval of settlement, ECF 17, is GRANTED; and

2.  The Clerk is DIRECTED to CLOSE THE CASE.

_____/S/_____
Deborah L. Boardman
United States District Judge